CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

March 24, 2025

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHRIS EUGENE HOLLOWAY,<br>    Plaintiff, | )<br>)<br>)  Civil Action No. 7:23-cv-00544 |
| v. | )<br>) |
| | )  By: Elizabeth K. Dillon |
| R.S.W. REGIONAL JAIL, *et al.*,<br>    Defendants. | )      Chief United States District Judge<br>) |

**MEMORANDUM OPINION**

*Pro se* plaintiff Chris Eugene Holloway filed this civil rights action pursuant to 42 U.S.C. § 1983.  The defendants have filed a motion to dismiss for failure to state a claim and a motion to dismiss for lack of prosecution.  (Dkt. Nos. 27, 35.)  The latter motion will be granted.

I.  BACKGROUND

Holloway filed this action on August 23, 2023.  At that time, Holloway was housed at the RSW Regional Jail in Front Royal, Virginia.  (Compl., Dkt. No. 1.)  He alleges that when he was in custody, officers tore his clothes off in the shower room, he was placed on suicide watch and in a dry cell for longer than necessary, he was wrongfully placed on a withdrawal protocol, he was sprayed in the face with mace for no reason, he was forced to miss certain court dates, and he receive a false charge for tampering with a security camera.

On October 13, 2023, Holloway filed a notice of change of address, indicating to the court that he had been released from custody.  (Dkt. No. 9.)  The court issued an order for him to respond with the full filing fee or a motion to proceed in forma pauperis.  (Dkt. No. 10.)  He responded by moving for leave to proceed IFP.  (Dkt. No. 11.)  On March 14, 2024, the court ordered that service be attempted on the named defendants and granting Holloways IFP motion. (Dkt. No. 14.)

Five of the defendants were served,[1] and on May 13, 2024, those defendants filed a motion to dismiss. (Dkt. No. 27.) The motion included a certificate of service for the address on file for Mr. Holloway. (*See id.*) One day later, the court issued a notice to plaintiff pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). The notice states that plaintiff has twenty-one days to file any opposition to the motion. (Dkt. No. 30.) The notice warned that if plaintiff does not respond to defendants' pleadings, "the Court will assume that Plaintiff has lost interest in the case, and/or that Plaintiff agrees with what the Defendant states in their responsive pleading(s). If Plaintiff wishes to continue with the case, it is necessary that Plaintiff respond in an appropriate fashion. Plaintiff may wish to respond with counter-affidavits or other additional evidence as outline above. <u>However, if Plaintiff does not file some response within the twenty-one (21) day period, the Court may dismiss the case for failure to prosecute.</u>" (*Id.* (emphasis in original)). Plaintiff moved for an extension of time to respond, which was granted, and plaintiff was ordered to respond by July 8, 2024. (Dkt. No. 33.) Plaintiff did not respond to defendants' motion to dismiss in compliance with the court's order.

Defendants then moved to dismiss for want of prosecution. (Dkt. No. 35.) The motion included a certificate of service for the address on file for Holloway. (*See id.*) The court issued another *Roseboro* notice on October 2, 2024, with language identical to the first notice. (Dkt. No. 36.) Holloway once again failed to respond to this motion.

II. ANALYSIS

A case can be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. *Ballard v. Carlson*, 882

---

[1] One of the defendants, C.O. Martin, was not served, and he was dismissed from this case. (Dkt. No. 34.) Plaintiff has also sued "Other Unknown Named Officers," who have not been identified or served and have not appeared in this case.

2

F.2d 93, 95 (4th Cir. 1989).  In determining whether to dismiss a case involuntarily, the court considers (1) the degree of responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a history of deliberately proceeding in a dilatory fashion, and (4) the existence of a sanction less drastic than dismissal.  *Id.*; *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978).  Although *pro se* parties are held to less stringent standards than attorneys, they must nevertheless observe "respect for court orders without which effective judicial administration would be impossible."  *Id.* at 96.

First, Holloway is proceeding *pro se*.  Thus, he cannot blame an attorney or anyone but himself for failing to respond to the pending motions.  Second, defendants took the time and incurred the expense of drafting a motion to dismiss, an answer (Dkt. No. 29), and then a motion to dismiss for failure to prosecute.  They have been prejudiced by plaintiff's conduct.  Third, Holloway has shown a pattern of dilatory conduct by his failure to respond to the initial motion dismiss *and* the motion to dismiss for want of prosecution.  Fourth, the court cannot imagine any reasonable sanction other than dismissal under these circumstances.  *See, e.g.*, *Martinez v. United States*, Civil Action No. 6:16-02012-MGL, 2017 WL 9437538, at *1 (D.S.C. Apr. 13, 2017) (dismiss *pro se* § 2255 petition pursuant to Rule 41(b) for not responding to motions).

For these reasons, the court will dismiss Holloway's claims with prejudice pursuant to Rule 41(b) (providing that unless the dismissal order states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits).[2]

---

[2] The court will grant the motion to dismiss with prejudice as to the five defendants who have appeared in this action and who filed the above-described motions.  Plaintiff's claims against the unidentified defendants will be dismissed without prejudice.

3

## III.  CONCLUSION

The court will grant the motion to dismiss in an appropriate order.

Entered: March 24, 2025.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
Chief United States District Judge